IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SHELLY HACK, | § | |
| | § | No. 104, 2015 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court of |
| | § | the State of Delaware in and for |
| v. | § | Sussex County |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID Nos. 1408000052 |
| | § | 1406002703 |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: July 6, 2015
Decided: September 10, 2015

Before **VALIHURA**, **VAUGHN** and **SEITZ**, Justices.

**O R D E R**

This 10th day of September 2015, upon consideration of the appellant's brief filed under Supreme Court Rule 26(c), her defense counsel's motion to withdraw, and the appellee's response, it appears to the Court that:

(1) On January 5, 2015, the appellant, Shelly Hack, pled guilty to one count of Robbery in the Second Degree and one count of Shoplifting. On February 27, 2015, after a presentence investigation, the Superior Court sentenced Hack to a total of six years at Level V imprisonment suspended after five years and six months for six months at Level III probation. This is Hack's direct appeal.

(2)     On appeal, Hack's defense counsel has filed a brief and a motion to withdraw under Supreme Court Rule 26(c) ("Rule 26(c)").[1] Defense counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues.  Defense counsel represents that he provided Hack with a copy of the motion to withdraw and the accompanying brief and informed Hack of her right to identify any points she wished this Court to consider on appeal.  Hack has not submitted any points for this Court's consideration.  The State has responded to the Rule 26(c) brief and has moved to affirm the Superior Court's judgment.

(3)     When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must be satisfied that the appellant's defense counsel has made a conscientious examination of the record and the law for arguable claims.[2]  Also, the Court must conduct its own review of the record and determine whether "the appeal is indeed so frivolous that it may be decided without an adversary presentation."[3]

---

[1] *See* Del. Supr. Ct. R. 26(c) (governing criminal appeals without merit).

[2] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

[3] *Penson v. Ohio*, 488 U.S. at 81.

2

(4)     In this case, having conducted "a full examination of all the proceedings" and having found "no nonfrivolous issue for appeal,"[4] the Court concludes that Hack's appeal "is wholly without merit."[5] The Court is satisfied that Hack's defense counsel made a conscientious effort to examine the record and the law and properly determined that Hack could not raise a meritorious claim on appeal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

_____
Justice

---

[4] *Id.* at 80.

[5] *See supra* note 1.

3